IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MEREDITH CUNNINGHAM, etc.,        )
                                  )
                  Plaintiff,      )
                                  )
     v.                           )    No.  07 C 5587
                                  )
SHORELINE SIGHTSEEING CRUISES,    )
                                  )
                  Defendant.      )

                       MEMORANDUM ORDER

    Meredith Cunningham ("Cunningham") has just filed a putative Class Action Complaint against Shoreline Sightseeing Cruises ("Shoreline"), based on its asserted violation of the provision of the Fair Credit Reporting Act that precludes parties accepting credit or debit cards from printing more than the last five digits of the card number or the card's expiration date on any receipt provided to the cardholder (15 U.S.C. §1681c(g)(1)). Complaint Ex. A reproduces the August 3, 2007 receipt that Shoreline furnished Cunningham, which includes two items that might potentially have implicated those prohibitions:

    1.  an entry that reads "ACCT:  ***6687"; and

    2.  another entry that reads "EXP:" followed by
    insertion of the word "REDACTED," the latter word having
    been handprinted in place of the information that appeared
    on the receipt itself.

    This memorandum order is issued sua sponte because Cunningham's counsel has defined the putative class in this way

in Complaint ¶16:

> Plaintiff brings this action on behalf of herself and all similarly situated persons within the United States who used their credit or debit card in any sale or transaction occurring after December 4, 2006, with Shoreline Sightseeing Cruises and were provided with an electronically printed receipt displaying either more than the last five digits of the person's credit or debit card and/or the expiration date of the person's credit or debit card.

It is obvious from Complaint Ex. A that Cunningham cannot claim a violation by Shoreline of the prohibition regarding the number of digits of her debit card, for the receipt prints out only the last _four_ digits.

Hence that aspect of the putative class definition must be and is stricken, with Cunningham having standing (and potential typicality) only as to persons who were provided with an electronically-printed receipt that displayed the expiration date of a debit card.[1]  Cunningham's counsel is ordered to provide a copy of this memorandum order to Shoreline in conjunction with its service of process.

                                        _/s/ Milton I. Shadur_
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  October 4, 2007

---

[1] This memorandum order leaves open the question whether Cunningham, who employed a debit card in her transaction with Shoreline (Complaint ¶8) can also speak for Shoreline customers who used a credit card rather than a debit card to purchase its services.